**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4492**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LANCE RICHARDSON PAGAN,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00258-RJC-8)

Submitted: January 19, 2016    Decided: April 5, 2016

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter Wood, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance Richardson Pagan pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). The district court calculated Pagan's Guidelines range under the U.S. Sentencing Guidelines Manual (2014) at 70 to 87 months' imprisonment and sentenced Pagan to 84 months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Pagan's guilty plea, whether trial counsel rendered ineffective assistance, whether the district court abused its discretion in imposing sentence, and whether the prosecution engaged in misconduct. Pagan has filed a pro se supplemental brief raising several issues. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Pagan's plea agreement.* We affirm.

---

* Because the Government fails to assert the waiver as a bar to the appeal, we may consider the issues raised by counsel and Pagan and conduct an independent review of the record pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

2

Because Pagan did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the magistrate judge's omissions did not affect Pagan's substantial rights. Additionally, the transcripts of the guilty plea and sentencing hearings reveal that the magistrate judge and district court ensured that the plea was supported by an independent basis in fact and that Pagan entered the plea knowingly and voluntarily with an understanding of the consequences. Accordingly, we discern no plain error in the district court's acceptance of Pagan's guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991).

3

Next, we decline to reach Pagan's claim of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record does not conclusively establish ineffective assistance by Pagan's trial counsel, we deem this claim inappropriate for resolution on direct appeal. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Turning to Pagan's 84-month sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51.

After determining whether the district court properly calculated the defendant's advisory Guidelines range and gave the parties an opportunity to argue for an appropriate sentence, we consider whether the district court considered the 18 U.S.C. § 3553(a) (2012) factors and any arguments presented by the parties, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of "significant procedural error," we review the substantive reasonableness of the sentence, "tak[ing]

4

into account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

In this case, the district court did not reversibly err in calculating the Guidelines range and properly heard argument from counsel and allocution from Pagan. The court explained that the 84-month sentence was warranted in light of Pagan's history and characteristics and the nature of his offense conduct and the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes by Pagan. Pagan does not offer any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Pagan.

Next, we review for plain error a prosecutorial misconduct claim not raised or presented in the district court. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). To succeed on a claim of prosecutorial misconduct, a defendant must show that the prosecutor engaged in improper conduct and that such

5

conduct "prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." Id. We have reviewed the record and find no improper conduct on the part of the prosecutor that prejudiced Pagan.

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and Pagan's pro se supplemental brief and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pagan, in writing, of the right to petition the Supreme Court of the United States for further review. If Pagan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pagan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED